HENRY BECKLEY, APPELLANT, v. M. M. LEARN, RESPONDENT.

*Appeal from Douglas County.*

FERRY.—Under the law of 1854, sec. 40, p. 868, a ferry license becomes a limited franchise.

IDEM.—At the expiration of any term of license, the owner of the lands, embracing the ferry landings, might assert his right to a preference to the grant of license, with the same effect as he might have done at the time of the establishment of the ferry.

AT the April Term, 1864, of the county court for Douglas County, a license was granted to M. M. Learn, to keep a ferry over Umpqua River, known as Trenton Ferry, for the term of five years. At the February Term, 1869, of the same court, Learn applied for a renewal of his license for a term of five years. At the same time, Henry Beckley applied for a license to keep that ferry for five years.

The court found that Beckley was the owner of the land on both sides of the river, comprising the ferry landings, and that Learn had given no notice to Beckley of his intended application for a renewal of his license. The license was given to Learn, and Beckley's application rejected, and upon appeal to the circuit court, the judgment of the county court was affirmed, and Beckley appeals.

In 1864, when Learn obtained his license, and the ferry was established, one Mills was the owner of the lands on both banks of the river, but Mills failed to apply as such owner for the license. Mills in the meantime, had sold the lands and conveyed them to Beckley.

*Watson & Lane*, for appellant, claim that the owner of the land is entitled to a preference in obtaining a license, and cite 3d Kent 554 (10th Ed.); Oregon Statutes, p. 869, sec. 42; 2 Oregon Reports, 220; 1 Oregon, 35; 18 Iowa, 336; 29 Cal. 458; 5 Cal. 47.

That unless the owner of the land fails to apply, no other person can obtain a license (2 Oregon. 238), and if he fails to apply, a former licensee, can, of course, obtain a renewal, ro an applicant can obtain a license. (Code, p. 868, sec. 40.)

That the court had no right to grant any one a license before the expiration of the former license, without ten days notice to the owner of the soil. (Code, p. 869, sec. 42, 43.)

*W. R. Willis*, for respondent.

If the owner of land once waives his preference for a license, he has no interest, except as a citizen at large. (1 Oregon, 38.)

Granting and renewing licenses are entirely different. In the grant of a license, there must be a petition showing, to the satisfaction of the court, the necessity of a ferry, there must be notices, etc. These are not required in a renewal. (Code, p. 868, sec. 43; 5 John, Ch. R. 106.)

If notice was necessary to Beckley, he has waived it by appearing in the Court below. (1 Oregon, 341; 2 Oregon, 89.)

Mills, the assignor of Beckley, had failed to assert his preference, and his assignee had no rights saved to him over those of a citizen at large.

THAYER, J. We think that in the enactment of the law of 1854, sec. 40, p. 868, of the Code, the Legislature materially changed the character of ferry licenses as to their term. What before had been a perpetual franchise, and was so held in *Cason* v. *Stone*, 1 Oregon, 39, after 1854, became a franchise, limited to a term of five years. Both laws gave to the owner of the lands embracing the ferry landings, at the *establishment* of a ferry, a preference to a grant of license

if he applied. Under the law before 1854, if he failed to apply, then, he lost his preference *forever*, since a perpetual franchise had been vested in another. Under the present law, we think he loses his right only during the term of a license granted to another, upon his failure to apply therefor, and that at the expiration of a term of license, he may assert his preference, to the exclusion of every other person, including the former licensee. Our law makes a difference as to manner of application of a holder of a license for its renewal, and that of a new applicant. The latter is compelled to give notice, etc., but a *renewal* can be obtained without petition, or notice to the owner. Learn was entitled to a renewal of his license, if found to be a proper person, until Beckley appeared as an applicant for the license; and when the court found him to be the owner of the land, and a competent person, then Learn's application should have been denied, and the license given to Beckley.

The judgment should be reversed.